Mark Ahlemeyer, OSB # 095997
Assistant Federal Public Defender
Email: mark_ahlemeyer@fd.org
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
Tel: (503) 326-2123

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-cr-00374-AN-1 |
| Plaintiff, | |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| ALISTAIR MACFARLANE SIDENER, | |
| Defendant. | |

Alistair (Alice) Sidener, will appear before this Court on June 16, 2026, for sentencing upon her plea of guilty to Count One of Depredation Against Property of the United States, in violation of Title 18, U.S.C. § 1361. For the reasons outlined in other sentencing materials before the Court and that will be presented at the sentencing hearing, the defense respectfully requests that the Court fashion a punishment that does not involve sending Ms. Sidener, a 20-year-old transgender female, to a Federal Men's prison. Instead, the defense believes combining home detention, community service, and/or intermittent confinement at a local jail (that does not withhold treatment or punish individuals for being transgender) is a sufficient, but not greater than necessary, punishment based on the unique aspects of this case.

Page 1     DEFENDANT'S SENTENCING MEMORANDUM

## APPLICABLE LAW

Federal sentencing is premised on the "parsimony principle" articulated in 18 U.S.C. § 3553(a). *Dean v. United States*, 137 S.Ct. 1170, 1175 (2017). That principle dictates that a sentence be "sufficient, but not greater than necessary," to comply with the following purposes of sentencing:

- To reflect the seriousness of the offense;

- To afford adequate deterrence to criminal conduct;

- To protect the public from further crimes of the defendant; and

- To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

In arriving at a sentence that is sufficient but not greater than necessary, § 3553(a) also requires a court to consider the nature and circumstances of the offense, the history and characteristics of a defendant, the kinds of sentences available, and the sentencing range established by the advisory United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(1), (3)-(7); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *United States v. Booker*, 543 U.S. 220 (2005).

Here, there is no dispute about the advisory guidelines, although the defense believes the applied guidelines vastly overstate Ms. Sidener's intent and conduct. Regardless, the guidelines are but one factor for the Court to consider, entitled to no more weight than any other factor. Given the overall circumstances of this case and Ms. Sidener's particular history and characteristics, the defense respectfully suggests that sending her to a Federal Men's prison is unjustified and unwarranted as a punishment in this case. There are other alternative punishments that would hold Ms. Sidener accountable for her conduct without subjecting her to inhumane and harmful prison

Page 2    DEFENDANT'S SENTENCING MEMORANDUM

conditions, while simultaneously undoing years of necessary gender-affirming hormone therapy—

a scenario created entirely by the current administration's animus toward transgender individuals.

The defense looks forward to discussing these issues further with the Court at sentencing.

Dated: June 11, 2026.

/s/ Mark Ahlemeyer
Mark Ahlemeyer, OSB # 095997